IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Frank Furtick, Jr., ) | Civil Action No. 8:13-79-MGL |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **OPINION AND ORDER** |
| ) | |
| Warden of Lee Correctional Institution, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

    Petitioner Frank Furtick, Jr. ("Petitioner"), an inmate in the custody of the South Carolina Department of Corrections, filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (ECF No. 1.) In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c), D.S.C., this matter was referred to United States Magistrate Judge Jacquelyn D. Austin for review of post-trial petitions for relief and a Report and Recommendation ("Report"). On February 21, 2014, the Magistrate Judge issued a Report recommending that the Court grant Respondent's Motion for Summary Judgment and that Petitioner's Petition be denied. (ECF No. 47.) Objections to the Report were filed by Petitioner on March 12, 2014. (ECF No. 49.) This Court has conducted its review of the record and has considered Petitioner's objections. Having done so, this Court agrees with the recommendation of the Magistrate Judge.

## FACTUAL AND PROCEDURAL BACKGROUND

    The Report sets forth in detail the relevant facts and standards of law on this matter, and the Court incorporates them and summarizes below in relevant part. Petitioner is currently housed at the Lee Correctional Institution of the South Carolina Department of Corrections. After a jury trial, Petitioner was found guilty of one count of kidnapping, two counts of armed robbery, two counts of assault and battery of a high and aggravated nature, and one count of murder and not guilty of one

count of kidnapping. (ECF No. 35-2 at 321-323.) On October 25, 2007, Petitioner was sentenced to thirty years imprisonment on both armed robbery charges, ten years imprisonment on both assault and battery of a high and aggravated nature charges, and life without parole on the murder charge, all sentences to run concurrent. (ECF No. 35-2 at 342-343.) Petitioner was represented by counsel at trial. Petitioner did not file a direct appeal.

Petitioner, proceeding pro se, filed an application for post-conviction relief ("PCR") on July 7, 2008. (ECF No. 35-2 at 345.) Petitioner raised the following ground for relief: "Counsel failed to file an appeal from conviction." (ECF No. 35-2 at 346.) After an evidentiary hearing where Petitioner was represented by counsel, the PCR court entered an order granting Petitioner a belated direct appeal pursuant to *White v. State*, 208 S.E.2d 35 (1974), but also ordered that Petitioner had waived his right to raise other PCR grounds after the direct appeal process was complete. (ECF No. 35-2 at 360-363.)

Petitioner, represented by counsel, filed a petition for writ of certiorari in the South Carolina Supreme Court on June 20, 2011, arguing that the PCR Court properly ruled that Petitioner did not voluntarily and intelligently waive his right to a direct appeal (ECF No. 35-5 at 3-6) and also filed an appellate brief pursuant to *White v. State* raising claims of error at the trial court level. (ECF No. 35-6 at 4.) On November 7, 2012, the South Carolina Supreme Court filed an opinion granting certiorari on the *White v. State* claim and, following its review of the direct appeal issues, affirmed Petitioner's convictions and sentences. (ECF No. 35-9.) Remittitur was issued on November 27, 2012. (ECF No. 35-10.)

Petitioner filed this Petition for writ of habeas corpus on January 8, 2013. (ECF No. 1.) Additional attachments to the Petition were filed on February 25, 2013, and March 13, 2013. (ECF

Nos. 17, 21.) On June 7, 2013, Respondent filed a motion for summary judgment and a return and memorandum. (ECF No. 35, 36.) On June 10, 2013, the Court filed an Order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising Petitioner of the summary judgment procedure and of the possible consequences if he failed to adequately respond to the motion. (ECF No. 37.) On June 14, 2013, Petitioner filed a response in opposition to Respondent's motion and filed additional attachments on June 20, 2013. (ECF Nos. 40, 44.)

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). In the absence of a timely filed Objection, a district court need not conduct a *de novo* review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

## PRO SE PETITIONS

Pro se complaints and petitions should be construed liberally by this Court. Such pro se complaints and petitions are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.1978) (1978). A federal district court is charged with liberally construing a complaint or petition filed by a pro se litigant to allow the development of a

potentially meritorious case. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980). Liberal construction, however, does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim cognizable in a federal district court. *Weller v. Dep't of Soc. Serv.*, 901 F.2d 387, 390-91 (4th Cir.1990).

## **DISCUSSION**

The Magistrate Judge concluded that most of Petitioner's claims are procedurally barred because they were not presented to the South Carolina Supreme Court in Petitioner's petition for writ of certiorari or brief of appellant pursuant to *White v. State.* (ECF No. 47 at 18-20.) Further, the Magistrate Judge noted that Petitioner failed to even argue cause for the default or argue a fundamental miscarriage of justice has occurred—i.e., that he is actually innocent. (ECF No. 47 at 21.) Additionally, the Magistrate Judge considered the merits of Petitioner's remaining three claims of error. As to Petitioner's contention that a beer can does not qualify as a deadly weapon, the Magistrate Judge found the claim to concern the sufficiency of the evidence and further suggested that the state court's decision was not contrary to, nor an unreasonable application of, clearly established federal law. (ECF No. 47 at 22-26.) The Magistrate Judge also concluded that the state courts have already granted Petitioner the relief available to him as it relates to the waiver of his right to a direct appeal. (ECF No. 47 at 26.) Finally, the Magistrate Judge addressed Petitioner's contention that the trial judge erred in denying Petitioner's motion to suppress his custodial statement. (ECF No. 47 at 26.) The Magistrate Judge found that because the Supreme Court's decision affirming the convictions and sentences is supported by the record and the relevant case law, Petitioner is unable to establish that the state court's finding—that Petitioner had not clearly invoked his right to counsel—was contrary to, or an unreasonable application of clearly established

federal law. (ECF No. 47 at 30-31.) Accordingly, the Magistrate Judge recommends that this Court find these remaining grounds without merit and recommends that Respondent's Motion for Summary Judgment be granted and the Petition denied.

Petitioner filed a lengthy document titled "Motion for Objection Report and Recommendation of Magistrate Judge" which states that the "Report and Recommendation of the Magistrate Judge should be denied." (ECF No. 49 at 32.) Petitioner appears to make the following general points: 1) the trial judge erred in denying counsel's motion to suppress Petitioner's police statement; 2) the trial judge erred in having private communications with the deliberating jury by way of notes which violated his right to be present at every stage of the trial; 3) the trial judge's abuse of discretion deprived him of a fair trial, his due process rights and other constitutional rights, and the right to assistance of counsel; 4) the trial judge denied Petitioner the right to have counsel present at all critical stages of the criminal proceeding, i.e., during the time the trial judge sent notes to the deliberating jury; 5) the trial judge erred in denying counsel's motion to direct a verdict of acquittal on the armed robbery charges; 6) words alone are insufficient to establish a representation of a deadly weapon for purposes of the armed robbery statute/a beer can is not a weapon; 7) the state failed to prove an element of murder, i.e., malice aforethought; 8) counsel failed to file a notice of appeal; 9) counsel was ineffective because she was not present during a critical stage of the judicial proceeding and also made the statement that her client was not innocent during opening and closing argument; 10) Petitioner has the right to a direct appeal; 11) counsel had an obligation to ensure that all grounds are included in an attack on the judgment and sentence; 12) waiver of a constitutional right must be made knowingly and intelligently and there is no evidence on the PCR record of such a waiver; 13) assault and battery of a high and aggravated nature requires proof of an unlawful act

of violent injury to a person and the infliction of serious bodily injury and a case should only be submitted to the jury if there is evidence tending to prove these elements; 14) the "Life without Parole" statute is an ex post facto retroactive law and Petitioner was not advised of the consequences of his 1978 plea to a voluntary manslaughter charge; 15) the state failed to prove an element of kidnapping; 16) applicants are entitled to one full and fair opportunity to present claims in a Post-Conviction Relief ("PCR") application (one fair bite at the apple); 17) the state contends that the victim was a healthy woman but doctors were aware that she had health problems (this appears to be a challenge to the evidence supporting the murder charge and a motion made concerning the victim's medical records); 18) counsel was ineffective in failing to file a timely appeal; and 19) the Assistant Attorney General committed perjury and misled the court concerning Petitioner's appeal and PCR allegations.  (ECF No. 49.)

In making these points, Petitioner does not make any specific objections to the Magistrate Judge's factual findings or challenge her analysis and discussion.  Upon careful review of the record, the Court has determined that Petitioner's "objections" are simply restatements of the same arguments that were presented as grounds and support for the Petition and in arguments previously presented to the Court.  These issues were fully analyzed and correctly addressed by the Magistrate Judge and the Court need not address the same issues a second time.  Even reading Petitioner's submission liberally in an effort to find a specific challenge to the Magistrate Judge's Report, the Court finds that Petitioner has not stated anything that would make this Court find error in the Magistrate Judge's analysis.  As such, Petitioner fails to specifically argue where the Magistrate Judge erred in her analysis and has not provided this Court with objections to address.  "Courts have . . . held de novo review to be unnecessary in analogous situations when a party makes general and

conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *See Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a proper objection, the court must "'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *See Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir.2005); *see also Thomas v. Arn*, 474 U.S. 140, 148–53(1985). The Court finds that the Magistrate Judge prepared an extensive and detailed Report and appropriately addressed Petitioner's prior arguments. Accordingly, the Court, finding no clear error, accepts the recommendations of the Magistrate Judge over Petitioner's objections.

## CONCLUSION

The Court has carefully reviewed the record, the Report and Recommendation, and Petitioner's objections and concurs in the recommendation of the Magistrate Judge. The Court adopts the Report and Recommendation and incorporates it herein by reference. Respondent's Motion for Summary Judgment is hereby GRANTED (ECF No. 36) and Petitioner's Petition for a Writ of Habeas Corpus is DENIED.

## Certificate of Appealability

The governing law provides that:

> (c) (2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c) (3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c) . A prisoner satisfies the standard by demonstrating that

reasonable jurists would find this court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller–El v. Cockrell*, 537 U.S. 322, 336, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir.2001).  In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **DENIED.**

**IT IS SO ORDERED.**

<u>s/ Mary G. Lewis</u>
United States District Judge

March 19, 2014
Spartanburg, South Carolina

-8-